UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN WILLIAMS                                                                          PLAINTIFF

vs.                                                                    CIVIL ACTION NO. 3:20-CV-92-CRS

AMERIS BANK et al.                                                                    DEFENDANTS

<u>**MEMORANDUM OPINION**</u>

**I.      Introduction**

This matter is before the Court on Defendant USAA Federal Savings Bank's ("USAA") motion to sever. DN 8; DN 8-1. Plaintiff John Williams ("Williams") did not respond. The matter is now ripe for adjudication. For the following reasons, the Court will deny USAA's motion.

**II.     Factual Background**

This case arises from allegedly incorrectly reported tradelines on Plaintiff John Williams' credit report. On July 1, 2016, Williams filed for bankruptcy. DN 11 at 12. The U.S. Bankruptcy Court for the Western District of Kentucky granted Williams a standard discharge on December 19, 2016. DN 11 at 13. Three years later, on or about July 25, 2019, Williams reviewed his Experian Information Solutions Inc. ("Experian") credit report and found several allegedly incorrectly reported tradelines. DN 11 at ¶ 22. These tradelines were allegedly furnished by: Ameris Bank ("Ameris"), Kohl's Inc. ("Kohl's"), Synchrony Bank ("Synchrony"), and USAA. *Id.*

According to Williams, he sent dispute letters regarding the tradelines to Experian, Ameris, Kohl's, Synchrony, and USAA. DN 11 at ¶ 23. Williams alleges that none of the defendants conducted a reasonable investigation regarding his dispute letters or corrected any inaccurate information on his credit report. DN 11 at ¶ 23–26. On February 6, 2020, based on the allegedly incorrect reports and each defendant's failure to investigate and correct any inaccurate information

on his credit report, Williams filed the instant suit against Experian, Ameris, Kohl's, Synchrony, and USAA. *See* DN 1; DN 11. Williams alleges that each defendant's actions constituted a violation of the Fair Credit Reporting Act ("FCRA"). DN 11 at ¶ 52, ¶ 59, ¶ 66, ¶ 73, ¶ 80, ¶ 83. USAA filed its motion to sever on March 6, 2020. DN 8.

### III. Legal Standard

Federal Rule of Civil Procedure 21 provides that this Court may "sever any claim against a party." Fed. R. Civ. P. 21. "'Applying this standard, the court has virtually unfettered discretion in determining whether or not severance is appropriate.'" *Brown v. Ky. Util. Co.*, No. 3:15-CV-352-GNS, 2015 WL 6476096 at *1, (W.D. Ky. Oct. 26, 2015) (citing *Grigsby v. Kane*, 250 F.Supp. 2d 453, 456 (M.D. Pa. 2003)).

### IV. Discussion

USAA asks the Court to exercise its discretion and sever Williams' claims against it in this case. DN 8-1. The Sixth Circuit has held that courts must consider five factors when determining whether to sever claims. *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018). These factors include: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims. *Id.* USAA argues that each factor supports severance.

Williams alleges that Ameris, Kohl's, Synchrony, and USAA reported tradelines incorrectly on his Experian credit report. DN 11 at ¶ 22. Based on these reports, and their alleged failure to properly investigate and amend the information on his credit report, Williams claims that each of these defendants violated the FCRA. *See* DN 11. It is undoubtedly true that these

defendants made distinct transactions with Williams and that each defendant will have to produce its own evidence regarding each claim. But, at bottom, Williams's claims present the same common question: whether each defendant violated the FCRA by allegedly reporting tradelines incorrectly and failing to investigate and amend the information on Williams' credit report. Indeed, siphoning Williams' claims against USAA into a separate action would undermine judicial economy. And, further, USAA only argues that it would be prejudiced because its liability would be imputed based on the other defendants' alleged conduct. DN 8 at 4. This unsupported contention is purely speculative and is not sufficient to support severance here. Accordingly, the Court concludes that severance is not appropriate and will deny USAA's motion.

**V.     Conclusion**

For the reasons stated herein, the Court will deny USAA's motion to sever. DN 8; DN 8-1. A separate order will be entered in accordance with this opinion.

June 9, 2020

Charles R. Simpson III, Senior Judge
United States District Court